UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY KENNEDY** | **CIVIL ACTION** |
| **VERSUS** | **NO.16-16537** |
| **THE CINCINNATI INSURANCE COMPANY AND JACOB REED KINDRED** | **SECTION "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Amended and Supplemental Notice of Removal (Doc. #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. #3) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Gregory Kennedy, who argues that this matter should be remanded to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana because defendants' notice of removal did not properly state the grounds for diversity subject matter jurisdiction. It is also before the court on defendants' motion for leave to amend the notice of removal to more fully state the citizenship of defendant, Jacob Reed Kindred.

On October 17, 2016, Kennedy, a Louisiana citizen, filed this action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana seeking damages for injuries that he allegedly sustained in an automobile accident. Kennedy alleges that on May 13, 2016, he was driving his pick-up truck on Interstate 10 in Jefferson Parish, Louisiana when he was struck from behind by a vehicle driven by Kindred. Kennedy alleges that Kindred was at fault for the accident and that Kindred and his vehicle were covered by an insurance policy issued by defendant, The

Cincinnati Insurance Company. As to damages, Kennedy alleges that as a result of the accident, he:

> sustained serious injuries to his neck and back, including disc herniations, wrists, and other parts of his body, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future loss of earnings and impaired earning capacity[.]

Kennedy also alleges that his damages exceed the minimum amount necessary for "federal diversity jurisdiction."

On November 22, 2016, Cincinnati, with Kindred's consent, removed this lawsuit to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332(a). Cincinnati alleges that the parties are diverse. Kennedy is a citizen of Louisiana. Cincinnati is a citizen of Ohio, because it is a corporation organized under the laws of, and maintaining its principal place of business in, Ohio. See 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of every state by which it has been incorporated and where it has its principal place of business). Kindred is a citizen of Indiana who temporarily resides in Louisiana to attend school. With respect to the amount in controversy, Cincinnati states that the allegations in Kennedy's state court petition regarding the extent of his injuries and his claimed damages for past and future mental and physical suffering, loss of enjoyment of life, medical expenses, lost earnings and impaired earning capacity, along with Kennedy's allegation that his damages exceed the amount required for federal diversity subject matter jurisdiction, show that it is facially apparent that Kennedy's damages exceed $75,000.

Kennedy filed a motion to remand arguing that defendants' notice of removal insufficiently states that diversity subject matter jurisdiction is present because defendants did not allege any specific details or evidence demonstrating that there is more than $75,000 in controversy. Further,

Kennedy argues that the parties are not completely diverse because Kindred is domiciled in Louisiana.

Defendants contend that they are not required to submit evidence regarding the amount in controversy because it is facially apparent that Kennedy's state court petition seeks more than $75,000 in damages. Defendants also allege that the parties are completely diverse because Kennedy is a citizen of Louisiana, whereas Cincinnati and Kindred are citizens of Ohio and Indiana, respectively.

Defendants moved to amend their notice of removal to include facts supporting their contention that Kindred is a citizen of Indiana. Kennedy argues that such amendment is untimely. Further, Kennedy argues that even if the amendment is permitted, Kindred's citizenship is contested, and must be resolved in Kennedy's favor, which would destroy diversity and require remand.

## ANALYSIS

### A.   Amending the Notice of Removal

Defendants seek leave to amend their notice of removal to include specific facts that support their contention that Kindred is a citizen of Indiana and to attach Kindred's affidavit. Kennedy argues that the proposed amendment should not be permitted because it would supply missing jurisdictional allegations.

Pursuant to 28 U.S.C. § 1653, "[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section "1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." Menendez v. Wal-Mart Stores, Inc., 364 Fed. Appx. 62, 66 (5th Cir. 2010).

In the notice of removal, defendants specifically alleged that Kindred is a citizen of Indiana, who is temporarily residing in Louisiana to attend school. The proposed supplement provides facts to bolster that assertion. This type of amendment is permitted by § 1653. Therefore, defendants' motion for leave to amend their notice of removal is GRANTED.

**B.    Remand Standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

   **1.    Diversity Subject Matter Jurisdiction under § 1332(a)**

Defendants allege that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States.

    **a.    Citizenship of the Parties**

Kennedy does not dispute that he is a citizen of Louisiana and that Cincinnati is a citizen of Ohio. However, he argues that Kindred is a citizen of Louisiana, and thus the parties are not

completely diverse. Kennedy contends that Kindred is a citizen of Louisiana because he had a Louisiana address at the time of the accident and had lived in Louisiana for at least three years prior to the accident.

Complete diversity means that all persons on one side of the controversy must be citizens of different states than all persons on the other side. McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)). "Citizenship is based on domicile, i.e. where an individual resides and intends to remain." Alphonse v. Arch Bay Holdings, L.L.C., 618 Fed. Appx. 765, 767-68 (5th Cir. 2015) (citing Acridge v. Evangelican Lutheran Good Samaritan Soc'y, 334 F.3d 444, 448 (5th Cir. 2003)). At birth, a person acquires a "domicile of origin," which is presumed to continue if there is not sufficient evidence of a change of domicile. Acridge, 334 F.3d at 448 (citing Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)). A presumption of continuing domicile applies when a person relocates. Id. (citing Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996)). "[T]o defeat the presumption and establish a new domicile (the 'domicile of choice'), the person must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely." Id. (citing Coury, 85 F.3d at 250). To determine whether a person has changed her domicile the court considers where the person exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for her family. Id. (citing Coury, 85 F.3d at 251). All of these factors are weighed equally, and no one factor is determinative. Id. (citing Coury, 85 F.3d at 251). However, for out-of-state students, a significant factor is whether the student intends to remain in the state beyond the educational period. See Holmes v. Sopuch, 639 F.2d 431, 434 (8th Cir. 1981) (citing 13 Wright, Miller & Cooper, Federal Practice and Procedure:

Jurisdiction § 3619 at 751 (1975)).  A person's "statements of intent, either to remain in a previous domicile or to establish a new one, are 'entitled to little weight' if they conflict with the objective facts." Acridge, 334 F.3d at 448 (citing Coury, 85 F.3d at 251).  The court can determine jurisdictional matters by examining the pleadings and evidence in the record, such as affidavits. Coury, 85 F.3d at 249.

Defendants submitted facts that demonstrate that Kindred is a citizen of Indiana, who temporarily resides in Louisiana to attend school.  In his affidavit, Kindred declares that he was born in Indiana and moved to Louisiana on a temporary basis to attend college at the University of New Orleans.  Kindred states that he expects to graduate in 2018, and intends to return home to Indiana.  Kindred returns to Indiana for most holidays and school breaks, maintains an Indiana driver's license and is registered to vote in Indiana.  Further, the vehicle that Kindred was driving on the date of the accident is registered in Indiana.  Kindred declares that he does not have any intention to change his citizenship to Louisiana.

These facts demonstrate that, although Kindred resided in Louisiana at the time of the accident, he was in fact a citizen of Indiana.  Kindred was born in Indiana, maintains ties with that State and intends to return there.  There is no evidence in the record that Kindred intends to permanently change his domicile to Louisiana.[1]  Therefore, the parties are completely diverse.

   b.  **Amount in Controversy**

With respect to the amount in controversy, in the Notice of Removal, defendants allege that "[t]his is a civil action in which the good faith amount in controversy exceeds the sum of

---

[1] Kennedy argues that defendants failed to allege in the notice of removal that Kindred was fraudulently joined.  The fraudulent or improper joinder doctrine permits the defendants to remove an action when a non-diverse defendant has been improperly joined for the purpose of defeating diversity subject matter jurisdiction. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). It is not applicable to this case.  Defendants do not argue that Kindred is a citizen of Louisiana who was improperly joined to defeat diversity subject matter jurisdiction, but rather that he is diverse because he is a citizen of Indiana.

$75,000, exclusive of interest and costs." Thereafter, defendants quote Kennedy's allegations regarding his injuries, the damages he seeks and that the amount in controversy exceeds the amount required for federal diversity subject matter jurisdiction. Kennedy argues that this is insufficient to establish that the minimum jurisdictional amount is satisfied because defendants did not state any specific details or evidence demonstrating that there is more than $75,000 in controversy.

Pursuant to 28 U.S.C. § 1446(a), "[t]o remove a case from a state to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). If removal is based on diversity subject matter jurisdiction, the amount in controversy requirement must be met. Id. When the plaintiff's state court complaint demands a stated sum of monetary relief that is asserted in good faith, that amount is "deemed to be the amount in controversy." Id. (quoting 28 U.S.C. § 1446(c)(2)). However, if the plaintiff's complaint does not state the amount in controversy, the defendant may state the amount in controversy in the notice of removal. Id. (citing 28 U.S.C. § 1446(c)(2)(A)).

In Dart, the Supreme Court of the United States held that, to satisfy § 1446(a)'s requirement of a "short and plain" statement of the grounds for removal, "a defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[,]" and does not require evidentiary support. Id. at 554. However, if the plaintiff or the court questions the defendant's allegation as to the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)).

"A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by

submitting summary judgment-type evidence." Robertson v. Exxon Mobil Corp, 814 F.3d 236, 240 (5th Cir. 2015). The inquiry "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." Id. (quotations omitted). In determining whether the amount in controversy is met, the court can "make common-sense inferences about the amount put at stake by the injuries the plaintiff[] cliam[s]." Id.

In this case, Kennedy is claiming that he "sustained serious injuries to his neck and back, including disc herniations," along with injuries to his "wrists, and other parts of his body." He is seeking damages associated with past and future mental and physical suffering, loss of enjoyment of life, medical expenses, lost wages and loss of earning capacity. Kennedy even alleges that his damages exceed $75,000. Thus, defendants have demonstrated that it is facially apparent that the jurisdictional minimum is met. There was no need for defendants to provide specific evidence in their notice of removal regarding the amount of Kennedy's damages. Thus, this court has diversity subject matter jurisdiction, and Kennedy's motion to remand is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Amended and Supplemental Notice of Removal (Doc. #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. #3) is **DENIED**.

New Orleans, Louisiana, this   18th   day of January, 2017.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

8